UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEKSEI DAVYDOV,

Plaintiff,

v.

THOMAS A. CIOPPA, *New York District Director, U.S. Citizenship and Immigration Services*,

Defendant.

**MEMORANDUM & ORDER**
25-CV-00688 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Aleksei Davydov commenced this lawsuit because he filed for asylum nearly three years ago but has not received a decision. *See* ECF No. 1 (Compl.). Plaintiff alleges that Defendant has unreasonably delayed adjudication of his application for asylum and requests that this Court order Defendant to promptly adjudicate it pursuant to 28 U.S.C. § 1361 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). Defendant moves pursuant to Rule 12(b)(6) to dismiss the complaint in its entirety. ECF No. 19 (Mot. to Dismiss).[1] For the reasons set forth below, the Court GRANTS Defendant's motion.

---

[1] The Court converts Defendant's pre-motion conference letter to a motion to dismiss for failure to state a claim. *See Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019). Although the Court recognizes that it is granting a dispositive motion, it finds that conversion is appropriate in light of the considerations outlined in *International Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54–55 (2d Cir. 2022). Plaintiff, who is represented by counsel, received ample notice—both in the Court's Individual Practices and by way of docket entry, that the Court might exercise its discretion to convert the parties' pre-motion conference letters. *See* Individual Practices § IV(A)(13); May 6, 2025, Text Order. Moreover, Plaintiff's arguments against dismissal "clearly lack merit," *Int'l Code Council*, 43 F.4th at 54; and Plaintiff did not request additional briefing after being notified that the pre-motion letter might be converted to a motion to dismiss.

## PROCEDURAL BACKGROUND

Plaintiff is a native and citizen of the Russian Federation. ECF No. 1 ¶ 18.[2] Plaintiff filed a Form I-589 application for asylum with the New York Office of United States Citizenship and Immigration Services ("USCIS") on August 13, 2022. *Id.* ¶ 19. Plaintiff's asylum application is pending. *Id.* ¶ 20. Plaintiff filed this lawsuit in the Southern District of New York on October 12, 2024. ECF No. 1. On February 12, 2025, the parties stipulated that the Eastern District of New York was the proper venue for this case. ECF No. 11. This case was then transferred to the undersigned on February 13, 2025. ECF No. 13. On May 6, 2025, Defendant filed his pre-motion letter regarding his proposed motion to dismiss. ECF No. 19. That same day, the Court informed the parties that it would "likely take under consideration whether Plaintiff fails to state a claim based solely on the parties' letters without affording the parties further opportunity to brief the issue." May 6, 2025, Text Order. Plaintiff filed his opposition, with no request for leave to amend, on May 8, 2025. ECF No. 20 (Opp'n).

## STATUTORY BACKGROUND

Non-citizens physically present in the United States may apply for asylum under the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1158(a)(1). To qualify, applicants must show past persecution or a well-founded fear of future persecution based on a protected ground. *Id.* §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). A grant of asylum confers: lawful status; eligibility for permanent residency and citizenship; derivative benefits for immediate family; work authorization; and limited travel rights. *Id.* §§ 1158(b)(3)(A), 1158(c)(1)(A)–(C), 1159(b).

---

[2] The Court is "required to treat [Plaintiff's] factual allegations as true, drawing all reasonable inferences in favor of Plaintiff[ ] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). The Court therefore "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *Id.*

USCIS's Asylum Division adjudicates such claims. 8 C.F.R. § 208.2(a). Statutory procedures provide for an initial interview within 45 days and a decision within 180 days, absent exceptional circumstances. 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii). However, the statute expressly precludes enforceable rights based on those timelines. *Id.* § 1158(d)(7).

USCIS uses a "last-in, first-out" ("LIFO") system that prioritizes recently filed asylum applications over older ones. USCIS, *Affirmative Asylum Interview Scheduling*, https://perma.cc/SC7X-8ZPP (last visited June 13, 2025).[3] The LIFO policy aims to "deter individuals from using the asylum backlog solely to obtain employment authorization by filing frivolous, fraudulent, or otherwise non-meritorious asylum applications." *Id.* Applicants may apply for work authorization 150 days after filing for asylum; approval must occur within 30 days. 8 C.F.R. § 208.7(a)(1). While an asylum application is pending, the permit may be renewed in two-year increments. *Id.* § 208.7(b). Applicants may request expedited review for reasons such as financial hardship or emergencies, but such decisions are committed to agency discretion and not subject to judicial review. USCIS, *How to Make an Expedite Request*, https://perma.cc/546Q-FZZ5 (last visited June 13, 2024); *Ruan v. Wolf*, No. 19-cv-4063, 2020 WL 639127, at *2 (E.D.N.Y. Feb. 11, 2020).

**LEGAL STANDARD**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v. Mount Sinai Hosp. Grp.*,

[3] On a motion to dismiss, "[d]istrict [c]ourts may take judicial notice of facts not subject to reasonable dispute when they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Kravitz v. Tavlarios*, No. 20-cv-2579, 2021 WL 5365582, at *3 (2d Cir. Nov. 18, 2021) (affirming dismissal of complaint and propriety of district court taking judicial notice of certain documents). The Court's ability to take judicial notice of documents extends to "documents from official government websites." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 191 n.4 (2d Cir. 2023).

No. 23-466, 2024 WL 3289475, at *1 (2d Cir. July 3, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Plaintiff's Mandamus Claim Fails

"Mandamus may be awarded only if the plaintiff proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008) (affirming dismissal of plaintiffs' mandamus claim because it "duplicate[d] the APA count" in plaintiffs' complaint); *see also De Oliveira v. Barr*, No. 19-cv-1508, 2020 WL 1941231, at *4 (E.D.N.Y. Apr. 22, 2020) (applying same three-part mandamus test articulated in *Benzman* to plaintiffs' allegations that decisions on asylum applications were unduly delayed); *Ying Yu Liu v. Wolf*, No. 19-cv-410, 2020 WL 2836426, at *10 (S.D.N.Y. May 30, 2020) (same). "Failure to establish any one of these necessary elements mandates dismissal of the plaintiff's complaint." *Fahrenkrug v. Verizon Servs. Corp.*, 652 F. App'x 54, 56 (2d Cir. 2016). Here, Defendant argues that Plaintiff cannot satisfy the first and third prongs. ECF No. 19 at 2. The Court agrees.

First, Plaintiff has no "clear right" to relief. The INA provides no "substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). As such, "[a] legion of courts

has held that § 1158(d)(7) unequivocally denies asylum applicants a private right of action to enforce the procedural requirements found in that statute." *Siu Ching Ngai v. Mayorkas*, No. 22-cv-5358, 2024 WL 1346530, at *2 (E.D.N.Y. Mar. 29, 2024). "Therefore, because Section 1158(d) does not create a legally enforceable right or benefit, mandamus relief is unavailable." *Weihua Zheng v. Garland*, No. 22-cv-6039, 2024 WL 333090, at *4 (E.D.N.Y. Jan. 29, 2024).

Second, the availability of a cause of action under the APA, authorizing a court to "compel agency action unlawfully withheld or unreasonably delayed," means that Plaintiff has an adequate alternative remedy under the APA. *Ying Yu Liu*, 2020 WL 2836426, at *10 (holding that "mandamus relief [wa]s not available" because "an alternative adequate remedy [was] possible under the APA"). This remains true even though, as discussed below, Plaintiff's APA claim also fails on the merits. *See id.* (dismissing both APA and mandamus claims).

**II. Plaintiff's APA Claim Fails**

To assess whether Plaintiff has a claim under the APA, the Court will consider the factors described in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984), which the Second Circuit has said sets forth a test for determining if agency action is unreasonably delayed. *See Nat. Res. Def. Council, Inc. v. FDA*, 710 F.3d 71, 84 (2d Cir. 2013). Courts within the Second Circuit, referring to these as the "TRAC factors," have used them in the specific context of assessing whether Defendant has delayed too long in deciding an asylum application. *See, e.g.*, *De Oliveira*, 2020 WL 1941231, at *4; *Xu v. Cissna*, 434 F. Supp. 3d 43, 51 (S.D.N.Y. 2020). The applicable factors are:

> (i) the time agencies take to make decisions must be governed by a rule of reason; (ii) where Congress has provided a timetable, it may supply content for this rule of reason; (iii) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (iv) the effect of expediting delayed action on agency activities of a higher or competing priority; (v) the nature and extent of the interests prejudiced by delay; and (vi) the court need

> not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Xu*, 434 F. Supp. 3d at 51. A party may prevail without demonstrating that all of these factors weigh in that party's favor. For example, several courts have "refuse[d] to grant relief," when the fourth TRAC factor weighs against it, "even though all the other factors considered in TRAC favor it." *Zhang v. Wolf*, No. 19-cv-5370, 2020 WL 5878255, at *6 (E.D.N.Y. Sept. 30, 2020). This is especially true in asylum application cases "where a judicial order putting the [plaintiff] at the head of the queue would simply move all others back one space and produce no net gain." *Id.* (declining to compel a decision on an asylum application); *Cohen v. Jaddou*, No. 21-cv-5025, 2023 WL 2526105, at *6 (S.D.N.Y. Mar. 15, 2023) (same).

Plaintiff argues that the TRAC factors "weigh heavily" in his favor. ECF No. 20 at 2. However, applying the TRAC factors, "courts in this circuit have consistently dismissed APA petitions raising claims of unreasonable delay in adjudicating I-589 applications that were pending for periods similar to, or longer than, the period of delay underlying this petition." *Jiaxu Liu v. USCIS*, No. 23-cv-2065, 2024 WL 4436232, at *2 (E.D.N.Y. Oct. 7, 2024) (collecting cases where asylum applications were pending for at least three years). The TRAC factors, as applied to this case, do not warrant a different outcome.

As to the first TRAC factor, Defendant's decision to adjudicate asylum applications on a LIFO basis is a rule of reason that satisfies the first TRAC factor. *See Duan v. USCIS*, No. 22-cv-01538, 2023 WL 4687078, at *4 (E.D.N.Y July 22, 2023) (collecting cases). As to the second TRAC factor, although Defendant has far exceeded the statutory timetable for granting Plaintiff an interview within 45 days and deciding his application within 180 days, that timetable is "not mandatory" in light of Congress's express decision to preclude applicants from bringing a

private right of action to enforce it, and the Court therefore "does not ascribe much significance to this timetable." *Xu*, 434 F. Supp. 3d at 53; *accord Jiaxu Liu*, 2024 WL 4436232, at *3.

Plaintiff, implicating the third and fifth TRAC factors, states he has a "disabled" 20-year-old son in Russia who "depends on his aging grandmother in Russia for daily care," and once the child "turns 21, he will no longer qualify as a derivative applicant, creating permanent family separation." ECF No. 20 at 2. However, that does not appear to be the case. The Child Status Protection Act ("CSPA") provides that a child who seeks to follow a parent granted asylum and who was under 21 years of age on the date on which such parent applied for asylum "shall continue to be classified as a child." *See* 8 U.S.C. § 1158(b)(3)(B); *see also Hua Guo v. Gonzales*, 240 F. App'x 901, 904 (2d Cir. 2007) ("Hua Guo appears to be eligible under the CSPA, considering: (1) he is unmarried, (2) his mother filed her application when he was under 21 years old, (3) his mother's application was still pending when he turned 21 years old, and (4) his mother's grant of asylum occurred after the CSPA was in effect."). The USCIS Form I-730, Refugee/Asylee Relative Petition, instructions similarly provide that "[f]or asylees, a child who is under 21 years of age on the date the Form I-589 . . . is received by USCIS will continue to be classified as a child for purposes of determining asylum eligibility and related benefits." USICS, *Form I-730 Instructions*, at 1, https://perma.cc/64XG-G3T9 (Jan. 20, 2025). In any case, Plaintiff "describe[s] a situation that could just as easily be true for many other asylum applicants." *See Jiaxu Liu*, 2024 WL 4436232, at *3 (declining to compel a decision on an asylum application where plaintiff sought "to be reunited with her child who resides in China"). Furthermore, "[t]here is nothing exceptional in having a lengthy family separation in a case where [a plaintiff] seek[s] asylee status." *Yang*, 2021 WL 5879033, at *2.

The fourth TRAC factor is dispositive here. *See Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 224–25 (E.D.N.Y. 2021) (dismissing an APA undue-delay claim because the fourth *TRAC* factor weighed in the Government's favor, without applying any of the other factors). Ordering Defendant to adjudicate Plaintiff's application would result in Defendant simply prioritizing Plaintiff's application over other applicants, who may have been waiting even longer for a decision and are at least "equally deserving of prompt adjudication," thereby producing "no net gain" for the asylum system overall. *Xu*, 434 F. Supp. 3d at 54–55. Multiple courts have held that granting relief is improper under such circumstances. *Id.*; *Yang v. Houghton*, No. 21-cv-5485, 2021 WL 5879033, at *1 (E.D.N.Y. Dec. 13, 2021) (declining to compel adjudication of asylum application because "it just wouldn't be fair to applicants who have been waiting longer than a plaintiff just because the plaintiff has chosen to sue"); *Gong v. Duke*, 282 F. Supp. 3d 566, 569 (E.D.N.Y. 2017) (declining to compel adjudication of asylum application because "the only difference between" plaintiff and other applicants was "that plaintiff has brought a federal lawsuit"). Because Plaintiff does not plausibly allege that the Defendant's delay in adjudicating his asylum application is unreasonable under the APA, his claim is dismissed under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant's motion to dismiss and dismisses Plaintiff's complaint in full. *See* ECF No. 19. Although the dismissal is with prejudice—meaning the Court will not permit Plaintiff to amend his complaint to make another attempt to assert his claims—this decision does not preclude Plaintiff from bringing a new lawsuit in the future pursuant to the APA, should Defendant continue to delay in

adjudicating his application to a point at which the delay becomes unreasonable. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
June 13, 2025